UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

vs.                                          Case No.: 8:08-cv-610-T-27MSS

COLONIAL BANK, N.A.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes on for consideration of Defendant's Motion to Dismiss (Dkt. 10) (the "Motion") and Plaintiff's memorandum in opposition thereto (Dkt. 15).[1] In the Motion, Defendant contends that Counts Two and Three of Plaintiff's complaint and Plaintiff's demand for exemplary damages should be dismissed for failure to state a cause of action. See Fed. R. Civ. P. 12(b)(6) (2008).

I.    **PROCEDURAL BACKGROUND**

Plaintiff, PNC Bank, National Association ("Plaintiff"), filed this cause of action against Defendant, Colonial Bank, N.A. ("Defendant"), on April 1, 2008. Plaintiff's claim, premised upon a loan participation agreement (hereinafter "Agreement") entered into between the parties on or about November 8, 2005, contains the following counts:

Count 1 - Breach of Contract; Count 2 - Gross Negligence, Bad Faith, or Willful Misconduct; and Count 3 - Breach of Trust and Fiduciary Duty.

In its Motion, Defendant challenges the legal sufficiency of Counts Two and Three of

---

1. This matter has been referred to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72, and Local Rules 6.01(a),(b) and 6.02(a), M.D. Fla. (Dkt. 7).

Plaintiff's Complaint contending that because those tort claims duplicate Plaintiff's breach of contract claim, they are barred by Florida's economic loss doctrine. Specifically, Defendant contends that Counts Two and Three of Plaintiff's Complaint are based on alleged breaches of the Agreement and, therefore, no separate cause of action other than for breach of contract exists. Additionally, Defendant contends that Plaintiff has no legal basis to recover exemplary damages because it has not alleged a tort independent from its breach of contract claim and has failed to allege facts to demonstrate that Defendant acted with the degree of malice or moral turpitude necessary to recover exemplary damages. (Dkt. 10)

## II. FACTUAL BACKGROUND

For purposes of this Motion and consistent with the standard of review for a Motion to Dismiss, the following facts are accepted as true. Plaintiff and Defendant are national banks chartered pursuant to the National Bank Act. On or about November 8, 2005, Defendant and Mercantile Mortgage Corporation (hereinafter "Mercantile"), Plaintiff's predecessor, entered into an Agreement wherein Mercantile agreed to fund a portion of a construction loan that Defendant had extended to The Hammocks Cape Haze, LLC (hereinafter "Cape Haze"). The construction loan to Cape Haze, in the principal amount of $34,864,174, was for the development and construction of multi-family dwelling units in Southwest Florida (hereinafter referred to as the "Cape Haze Project").

Plaintiff's Complaint alleges that Defendant has breached certain tort and contract duties that Defendant owed to the Plaintiff pursuant to the terms of the Agreement. Plaintiff's claims are premised on Defendant's alleged:

(1) improper release of lots sold at Cape Haze project and withholding of amounts owed to Mercantile; (2) improper release of funds that had been posted in escrow account as collateral security for the loan; (3) improper and unauthorized funding of loan advances; (4) failure to

provide written notice to Mercantile of material downgrades of the loan; and (5) concealment of the "erroneously overstated appraisal of the Cape Haze project." (Dkt. 15, p. 4-6)

Plaintiff contends that Defendant violated provisions of the parties' Agreement, including but not limited to, paragraphs seven (requiring Defendant to notify Mercantile of material downgrades), nine (providing that Defendant was responsible for collection, management, enforcement, and administration of the loan), 11 (providing that Defendant was responsible for collection of payments on the loan and was to remit to Mercantile a certain portion of sums paid to Defendant) and 16 (requiring Defendant to obtain prior written consent of Mercantile before funding of loan advances, releasing collateral, adjusting release rates of certain lots and authorizing an erroneously overstated appraisal of the value of the Cape Haze project). Additionally, Defendant breached its trust and fiduciary duties to Plaintiff, was grossly negligent, and acted in bad faith and willful misconduct.

### III.  LEGAL STANDARD/MOTION TO DISMISS

The threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. (citing Sanjuan v. American Board of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the

court should not assume that the plaintiff can prove facts that were not alleged. Id. Against this standard, Defendant seeks to dismiss the Plaintiff's Amended Complaint in its entirety.

**A. Economic Loss Doctrine**

The economic loss rule is a judicially created doctrine that sets forth circumstances under which a tort action is prohibited if the only damages suffered are economic losses. Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc., 891 So.2d 532, 536 n.1 (Fla. 2004). This can implicate the so-called contractual privity economic loss rule. Specifically, Florida courts have applied the economic loss rule when two parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract.

The economic loss rule is grounded on the basic difference between contract law - which protects expectations- and tort law- which is determined by the duty owed by all persons to others in society. Casa Clara Condo. Ass'n v. Charley Toppino & Sons, 620 So. 2d 1244 (Fla. 1993). "The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. In explaining the rationale behind the rule, the Florida Supreme Court has stated:

> A party to contract <u>who attempts to circumvent the contractual agreement</u> by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made. Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement.
>
> Id. at 536-37. (emphasis added)

4

Considering this rationale, Plaintiff points out a fact that the Defendant omitted in its motion. The contract at issue in this case, which has been incorporated by reference in Plaintiff's complaint, expressly includes in the benefit of the bargain initially struck between the parties the right to recover both tort and contract damages. Specifically the contract provides:

"Lender shall not be liable under this Agreement to Participate for any action taken or omitted or for any error in judgment, except for Lender's <u>material</u> <u>breach</u> of this Agreement of this Agreement or its own <u>gross negligence,</u> <u>bad</u> <u>faith</u> or <u>willful</u> <u>misconduct</u>." (emphasis added)

Where, as here, the parties have accepted tort and contract remedies in their contract, the underlying rationale of the economic loss rule would have no application. In its motion, Defendant offers no argument at all about this provision and offers no basis for the court to disregard the contractual provision. In the absence of any such contention, it would be premature to dismiss this action on a motion to dismiss.

## B. Whether Plaintiff's Breach of Trust and Fiduciary Duty Claims Should be Dismissed

Defendant next contends that Plaintiff's complaint for Breach of Trust and Fiduciary Duty must be dismissed as duplicative of its breach of contract claim. The Court disagrees. Plaintiff has set forth a short plain statement of its claims. To the extent that contractual provisions might stand as a defense to these claims, those defenses are preserved for litigation and or resolution on summary judgement .

## C. Whether Punitive Damages Claim Should be Denied

Likewise, Plaintiff has alleged facts and claims to support a demand for punitive damages.

Under Florida law, punitive damages are available on proof of intentional misconduct and gross negligence. Plaintiff's complaint, if accepted as true, does allege that Defendant "knowingly and intentionally" injured the Plaintiff by its actions. (Complaint Paragraphs 12,14,16) For purposes of the pleadings stage, these allegations are sufficient.

## IV. CONCLUSION

Accordingly, the Undersigned **REPORTS** and **RECOMMENDS** that Defendant's Motion be **DENIED**.

Respectfully **RECOMMENDED** in Tampa, Florida on this ___1st___ day of October 2008.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

**Copies furnished to:**

Presiding District Judge
Counsel of Record