UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.                                            Case No.: 8:08-cv-610-T-27MSS

COLONIAL BANK, N.A.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge (Dkt. 23) recommending that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Dkt. 10) be denied. Defendant has filed objections to the Report and Recommendation (Dkt. 24), to which Plaintiff has responded (Dkt. 26).

### *Standard*

The district court is required to "make a de novo determination of those portions of the Magistrate Judge's report . . . or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

In the instant objections, Defendant argues that the Magistrate Judge erred by determining that "the parties accepted tort and contract remedies in their contract and, thus, the economic loss rule has no application." (Dkt. 24 at 2). As a result, Defendant contends that Plaintiff's claims for

1

gross negligence (Count II) and breach of fiduciary duty (Count III) are duplicative of Plaintiff's breach of contract claim (Count I) and are barred by the economic loss rule. Defendant's objections are without merit.

The contract at issue is a loan participation agreement, by which Defendant agreed to supervise the maintenance and collection of an underlying loan in which Plaintiff had a 42.6% ownership interest. Paragraph 9 of the participation agreement specifically provided that Defendant may be liable to Plaintiff for "gross negligence, bad faith or willful misconduct." (Dkt. 1, Exh. A at 4). Based on this contractual provision, the Magistrate Judge correctly determined that the economic loss rule does not bar Plaintiff's claim for gross negligence at the motion to dismiss stage. As the Magistrate Judge noted, the economic loss rule seeks to prevent parties from avoiding their contractually bargained-for risks by bringing a tort action. *See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). Applying the rule to prohibit Plaintiff's gross negligence claim as a matter of law would allow Defendant to escape liability for the risk it specifically assumed in the participation agreement, which is the very result the economic loss rule seeks to prevent. *See id.* Plaintiff has therefore properly alleged a claim for gross negligence sufficient to withstand a motion to dismiss. *See Firstar Metro. Bank & Trust v. F.D.I.C.*, 964 F. Supp. 1353, 1356 (D. Ariz. 1997).

The Magistrate Judge also correctly concluded that Plaintiff alleged a claim for breach of fiduciary duty that is not duplicative of its contract claim. Florida courts have routinely recognized parallel breach of fiduciary duty and breach of contract claims. *See Indem. Ins. Co. of N. Am.*, 891 So. 2d at 542 Defendant does not otherwise challenge the Magistrate Judge's determination that Plaintiff has adequately alleged the requisite elements of a breach of fiduciary duty claim, and this

Court finds the allegations in the Complaint and the terms of the participation agreement are sufficient.

Defendant also does not object to the portion of the Report and Recommendation addressing Plaintiff's claim for punitive damages, and the Court finds that the claim for damages is adequately pled. Therefore, after careful consideration of the Report and Recommendation, Defendant's objections, and Plaintiff's response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 23) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Dkt. 10) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on this 3rd day of November, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record